UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
PORT HURON DIVISION

| | |
|---|---|
| JAY & KAY MANUFACTURING, LLC, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: |
| | ) |
| vs. | ) JUDGE: |
| | ) |
| XTREME TOWER PRODUCTS, | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |
| | ) |

## COMPLAINT

Plaintiff Jay & Kay Manufacturing, LLC ("Jay & Kay"), by its undersigned attorneys, for its complaint against Defendant Xtreme Tower Products ("Xtreme"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

### THE PARTIES

2. Jay & Kay is a foreign limited liability company organized in Michigan and having a principal place of business located at 72 Louise Street, Croswell, Michigan 48422.

3. Upon information and belief, Xtreme is a Delaware corporation and having a principal place of business located at 1752 Henry G. Lane Street, Maryville, Tennessee 37801.

### JURISDICTION AND VENUE

4. This suit arises under the patent laws of the United States, 35 U.S.C. § 101 et seq. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (any Act of Congress relating to patents or trademarks).

5. This Court has personal jurisdiction over Xtreme because Xtreme is transacting business in this judicial district and committing and continues to commit acts of infringement in this judicial district, and Xtreme has developed continuous and systematic contacts with the State of Michigan.

6. Xtreme advertises on its website (www.xtremetowers.com) that it is "The World's Largest And Most Innovative Manufacturer Of Towing Solutions And Accessories For The Marine Industry."

7. On information and belief, Xtreme has developed continuous and systematic general business contacts within the State of Michigan including, but not limited to, continuous and systematic contacts with one or more boat manufacturers located in Michigan.

8. On information and belief, Xtreme has also sold products that infringe upon the patent-in-suit to one or more boat manufacturers located within the State of Michigan.

9. Venue is proper in this judicial district as to Xtreme under 28 U.S.C. § 1391(b) and (c) and § 1400(b).

## THE ASSERTED PATENT

10. United States Patent No. 7,798,089 ("the '089 patent") was duly and legally issued on September 21, 2010 to Scott J. McKeand for an invention entitled "Hinged Radar Arch for Marine Vessels" and is still in force. A true copy of the '089 patent is attached to this Complaint as Exhibit A.

11. The '089 patent is directed to a hinged arch assembly for marine vessels. The invention of the '089 patent has been made, marketed, and sold by Jay & Kay in the United States.

7401661.1

12. Jay & Kay is the owner of all right, title, and interest in, to and under the '089 patent and has owned '089 patent throughout the period of the Defendant's infringing acts.

13. Jay & Kay has complied with the statutory requirement of placing a notice of the '089 patent on all hinged arch assemblies it manufactures and sells and has given the Defendant written notice of its infringement.

## BACKGROUND

14. Xtreme is an original equipment manufacturer of accessories for boat builders including hinged arch assemblies that infringe upon the '089 patent.

15. Xtreme manufactures and sells infringing hinged arch assemblies to boat builders including Chaparral Boats, Inc.

16. Jay & Kay provided Xtreme with written notice of its infringement of the '089 patent on August 12, 2014.

17. Despite the foregoing, Xtreme has continued to manufacture and sell infringing radar arches for use on boats and continues to this day to sell infringing products.

## COUNT I

**(Infringement of the '089 Patent by Xtreme)**

18. Plaintiff realleges each and every one of the foregoing paragraphs 1-17 of this Complaint.

19. Xtreme has directly infringed at least claim 1 of the '089 patent by making, using, selling, offering to sell, or importing, without license or authority, products that include, without limitation, hinged arch assemblies for marine vessels in the United States. Thus, by making, using, importing, offering for sale, and/or selling such products, after having received notice of

its infringement, Defendant has injured Plaintiff and is thus liable to Plaintiff for infringement of the '089 patent under 35 U.S.C. § 271(a).

20.     Xtreme has also indirectly infringed at least claim 1 of the '089 patent, by way of inducing infringement by others, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products, including without limitation, hinged arch assemblies for marine vessels.  Defendant induced its customers to directly infringe by inducing or encouraging the use of the accused products.  Since at least August 2014, and likely earlier, Defendant had knowledge of the '089 patent and that provision of the accused products would infringe the '089 patent, and, by continued the actions described above, has had the specific intent to, or should have known that its actions would, induce infringement of the '089 patent.  Thus, by making, using, importing, offering for sale, and/or selling such products, Defendant has injured Plaintiff and is thus liable to Plaintiff for infringement of the '089 patent under 35 U.S.C. § 271(b).

21.     Xtreme has also indirectly infringed at least claim 1 of the '089 patent, by way of contributing to the infringement by others, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products, including without limitation, hinged arch assemblies for marine vessels.  Defendant induced its customers to directly infringe by inducing or encouraging the use of the accused products.  Defendant's accused products are a material part of the invention, are especially made or especially adapted for use in the infringement of the '089 patent, and are not a staple article or commodity of commerce suitable for substantial noninfringing uses.  Since at least August 2014, and likely earlier, Defendant had knowledge of the '089 patent and that provision of the accused products would infringe the '089 patent.  Thus, by making, using, importing, offering for sale, and/or

selling such products, Defendant has injured Plaintiff and is thus liable to Plaintiff for infringement of the '089 patent under 35 U.S.C. § 271(c).

22. As a result of Defendant's infringement of the claimed invention after receiving notice of the '089 patent and its infringement of the '089 patent, Defendant has willfully infringed the '089 patent.

23. As a result of Defendant's infringement of the '089 patent, Jay & Kay has suffered monetary damages in an amount to be determined at trial.

24. As a result of Defendant's past and ongoing infringement of the '089 patent, Jay & Kay has and continues to suffer irreparable harm and injury.

25. Xtreme's infringement of the '089 patent is in direct violation of Jay & Kay's right under 35 U.S.C. § 271 to exclude others from making, using, selling, and/or offering for sale products embodying the invention of the '089 patent.

26. Jay & Kay has no adequate remedy at law.

27. Jay & Kay will continue to suffer irreparable harm unless an injunction is issued enjoining and restraining Regal from infringing the '089 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jay & Kay respectfully requests that the Court enter a judgment as follows:

(a) A judgment that Xtreme has infringed the '089 patent; contributorily infringed the '089 patent; induced infringement of the '089 patent; and willfully infringed the '089 patent;

(b) A judgment and order requiring Xtreme to pay Jay & Kay damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict

5

infringement up until entry of the final judgment, with an accounting, as needed, and treble damages for willful infringement as provided by 35 U.S.C. § 284;

(c)     A judgment and order enjoining Xtreme, and its agents, servants and employees, and all those in active participation with them, from infringing, contributing to the infringement of others, and/or inducing infringement of the '089 patent;

(d)     A judgment and order requiring Xtreme to pay Jay & Kay pre-judgment and post-judgment interest on the damages awarded;

(e)     A judgment and order requiring Xtreme to pay Jay & Kay the costs of this action (including all disbursements) and attorney's fees as provided by 35 U.S.C. § 285; and

(f)     Such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Jay & Kay demands a trial by jury on all issues so triable.

Date:  April 10, 2015

>Respectfully submitted,
>
>/s/ John M. Sier
>John M. Sier (P39336)
>KITCH DRUTCHAS WAGNER
>VALITUTTI & SHERBROOK
>Local Counsel for Plaintiff Jay & Kay Mfg., LLC
>One Woodward Avenue, Suite 2400
>Detroit, MI  48226
>(313) 965-2915
>John.Sier@Kitch.com
>
>R. Eric Gaum
>(*Pro Hac Vice* request to be filed)
>Ohio Bar No. 0066573
>regaum@hahnlaw.com

6

7401661.1

       Carlos P. Garritano
       (*Pro Hac Vice* request to be filed)
       Ohio Bar No. 0077801
       cgarritano@hahnlaw.com
       HAHN LOESER & PARKS LLP
       One GOJO Plaza, Suite 300
       Akron, Ohio  44311
       Telephone:  (330) 864-5550
       Facsimile:  (330) 864-7986

       Royce R. Remington
       (Admitted in the Eastern District of Michigan)
       Ohio Bar No. 0040408
       rrr@hahnlaw.com
       HAHN LOESER & PARKS LLP
       200 Public Square, Suite 2800
       Cleveland, Ohio  44114-2316
       Telephone:  (216) 621-0150
       Facsimile:  (216) 241-2824

       Attorneys for Plaintiff
       JAY & KAY MANUFACTURING, LLC

7401661.1